Hay, judge,
delivered the opinion of the court:
This is a suit brought by the plaintiff against the United States for the sum of $124,801.89.
From the facts it appears that the United States made it impossible for the plaintiff to perform its contract, although the plaintiff was able and willing to perform it on its part. The plaintiff is suing to recover its losses and expenditures and for profits.
The plaintiff has proved its losses and expenditures, and that they were incurred in an attempt to perform the contract which it had, assumed. It seems to the court that the expenditures were reasonable, and the losses the result of the *132 efforts of the plaintiff to perform the contract. The plaintiff has not received a dollar either for what it did or for what it expended, but after spending months in fruitless negotiations with the defendant it has been obliged to seek its remedy in this court. There can be no question that the plaintiff is entitled to be made whole for its losses and expenditures. Those losses and expenditures amount to the sum of $88,692.33.
In addition to its losses and expenditures the plaintiff is also claiming profits, which it alleges it could and would have made if it had been allowed to complete its contract.
In the case of United States v. Behan, 110 U. S., 338, it has been held that the measure of damages for the breach of a contract is the reasonable amount of the loss which the injured party has sustained thereby. If the breach consists in preventing performance of the contract without the fault of the other party, who is willing to perform it, the loss of the latter will consist in what he has already reasonably expended toward performance. He would also be entitled to profits that he would realize by performing the whole contract. These profits must be determined by the circum- * stances of the case and the subject matter of the contract. They must not be remote, nor speculative, and they must be proven with reasonable clearness and certainty.
The contract under which the plaintiff is claiming was entered into during the war with Germany; before the contract was performed the armistice was declared, and the Government concluded that it did not need the materials contracted for. Whereupon the Government requested that the contract should be suspended, and took steps which prevented the contractor from performing its contract. The contract would have been completed in about five months from its inception.
In arriving at the profits to which the plaintiff is -entitled the court must take into consideration the progress attained, the unfinished part of the contract, the probable cost of completion, the whole contract price, the estimated pecuniary result, favorable or unfavorable to it, had it been permitted to go on and complete its contract, and the risks which it must have run had it completed the contract. The *133 court will also take into consideration the relief of the contractor from responsibility for a large part of the contract, and for the time and trouble which a full performance would have required and imposed upon it and the release of contractor’s plant for other work. And as it was relieved by relinquishment of a large part of the contract by the United States of all the responsibility and risks involved in so much of it, as well as from devoting its timé and attention to it to that extent, there must be a reasonable deduction from the probable profits on those accounts. In, the application of the principles above laid down there is always difficulty; each case must be determined by its own circumstances.
In this case the court is of opinion that taking all of its circumstances into consideration the plaintiff is entitled to profits in the sum of $18,300. The defendant does not question the plaintiff’s claim for profits except upon the ground that the Government’s actions in preventing performance do not constitute a breach of the contract, and that therefore no recovery can be had for profits.
As the court is of opinion that the actions of the defendant do constitute a breach of the contract, and as the plaintiff’s claim for profits is proved, the court allows profits as well as expenditures and losses, and judgment will be entered for the plaintiff under Findings VI and VII, in the sum of $106,992.33. It is so ordered.
Graham, Judge; Downey, Judge; Booth, Judge; and Campbell', Chief Justice, concur.